## SUPREME COURT.

THE BOARD OF COMMISSIONERS OF PILOTS, appellants, agt. PAUL N. SPOFFORD *et al.*, Executors, respondents.

*When claim for extra allowance of costs waived by delay.*

Section 385 of the Code embraces an *extra allowance*, as well as costs of course in the action.

Where the result of the litigation entitles defendants to costs under section 385 of the Code, a recovery of judgment for such costs may, under proper circumstances, be the basis for the allowance under sections 308 and 309 of the Code.

But where it appears that the long delay of the defendants in making the motion for an extra allowance, and the fact that the parties have acted on the assumption that the costs taxed in 1871 were the extent of defendants' claim, it ought to be held a waiver of the right to move for any allowance.

*First Department, General Term, October,* 1874.

APPEAL from order of special term granting additional allowance of costs to defendants.

*Butler, Stillman & Hubbard,* for appellants.

*Wm. G. Cook,* for respondents.

DAVIS, *P. J.* — This action was brought by the plaintiffs to recover ninety-six penalties of $100 each for alleged violations of the pilot laws in the employment of unlicensed pilots. The defendants offered judgment under section 385 of the Code for $100, being the amount of one penalty, with costs. The offer was not accepted. The affidavit of Mr. Butler

shows that on the trial the respective counsel arranged that if it was held that plaintiffs were entitled to recover at all the recovery should be restricted to the violations of the law that defendants should, from their books, state to have occurred, and, accordingly, the defendants furnished a statement showing the number of violations to have been forty-six, which was accepted; and the court ruling the other questions of the case favorably to plaintiffs a recovery was had for $4,600. On appeal from the judgment entered on the recovery the general term affirmed the same, from which affirmance an appeal was taken to the court of appeals where the judgment was affirmed as to one penalty and reversed as to the residue, without costs to either party (45 *N. Y.*, 446).

After a corrected remittitur had been sent down from the court of appeals the defendants presented their bill of costs, which were taxed on the 14th of September, 1871, at $360.97. The plaintiffs objected to the taxation of the costs on the appeal to the general term. The objection was sustained by the general term, but on appeal to the court of appeals it was held that defendants were entitled to those costs and the taxation of them was affirmed. Afterward, and in June, 1874, a new bill of costs was presented and the motion for an additional allowance was made. Mr. Butler's affidavit further states that "no application was made at the time of adjusting said costs (in September, 1871), or before or afterward, for an allowance till now, nearly three years after the adjustment of the costs; that in the mean time a settlement had been made with the defendants by which the judgment for the single penalty was satisfied of record, which settlement would not have been made by deponent if he had supposed that any question was left open except a claim of defendants for the costs of the general term.

These statements are not controverted.

It appears that the questions involved in the action were the constitutionality of the pilot laws and the effect upon them of certain legislation of congress, and it is manifest that

these questions affected every one of the penalties alike. It is shown, also, that two several actions had before been commenced against the defendants to recover for several penalties for violation of the same statute, in which recoveries were had and paid, and that this suit was brought afterward for persistent violations of the same law.

It is a mistake to suppose that, by the offer made, the contest over any one of the penalties was removed from the controversy; or, to state the point as it is stated by counsel, that " one hundred dollars was removed from the controversy." On the contrary, the omission of plaintiffs to take judgment upon the offer in the manner prescribed by section 385 of the Code left the litigation precisely as though no offer had been made, the only effect of the offer thereafter being upon the question of costs when the litigation should terminate. The plaintiff was as much bound to establish his right to recover the sum of $100 or one penalty as though the action had proceeded without an offer; and the defendant was as much at liberty to contest that right as the right to recover any of the penalties beyond that sum. The plaintiffs were, therefore, successful on the real and very important questions involved; and they were successful, also, in showing that defendants, by the confession of their own books, had actually been guilty of forty-six distinct violations of the statute, and (as now appears by affidavits before us) after two prior warnings by suits and recoveries. It is not difficult, therefore, to see that the advantage as to costs has been gained by the defendants by the tactics of practice and not by the merits of any defense. The application by the court of appeals of a particularly technical rule (doubtless intended to punish with severity the violators of statutes by subjecting them to great multiplicity of suits and consequent costs) saves the defendants herein from the penalties for forty-five acknowledged violations of the law, and entitles them to costs of the litigation.

The points made by the appellants are : First, that there has

Board of Commissioners of Pilots agt. Spofford.

been no recovery by defendants within the meaning of the provisions of the Code relative to allowances. We think this point is not well taken. A result of the litigation which entitles defendants to costs is a recovery of judgment for such costs, and may, under proper circumstances, be the basis for the allowance under sections 308 and 309 (*Brady* agt. *Disbrow*, 2 *E. D. Smith*, 78).

There must be a recovery to satisfy the exigency of the statute; but where both parties recover and the same judgment adjudges damages to one and costs to the other, there is no difficulty, we think, in holding that the recovery of costs by the defendants satisfies the language of the provisions referred to.

The second objection is, that " the defendants' costs," which are given by section 385, on plaintiffs' failure to obtain a more favorable judgment and restricted to those given by section 303 of the Code, and that the allowance which may be given by the court in its discretion, under section 308, is not costs but something in addition to costs; or, in other words, that section 385 means and deals only with " costs, of course."

But we think that defendants' costs in such a case are not only what the statute awards, of course, and with which the court has nothing to do, but, also, whatever the court is empowered by statute to award; and that after the court, pursuant to its statutory discretion, awards additional costs to the party, the language of section 385 embraces them as well as costs of course.

The next objection is, that the defendants having taxed their costs in 1871 without applying for an allowance, and a settlement having been made upon the basis thus arrived at, are estopped from now claiming an extra allowance.

There are not sufficient facts shown to create an estoppel, but we think that the long delay in making the motion and the fact that the parties have acted on the assumption that the costs taxed in 1871 were the extent of defendants' claim,

ought to be held a waiver of the right to move for any allowance.

Besides it is our opinion that, upon the papers presented, the court below should have made no allowance upon the merits of the application.

This class of orders is appealable, and it is the duty of this court to review them upon the merits.

The order should be reversed, but without costs of the appeal.

LAWRENCE and DANIELS, JJ., concurred.